IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY L. BROOKS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  3:15cv383-WKW |
| ) | (WO) |
| ROBERT MCDONALD, *et al*., ) | |
| ) | |
|    Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

The *pro se* plaintiff, Danny L. Brooks ("Brooks"), purports to bring conspiracy, discrimination and retaliation claims against former co-workers and supervisors at the Central Alabama Veterans Health Care System ("CAVHCS"), in Tuskegee, Alabama.  He names as defendants  Robert McDonald, in his official capacity as the Secretary of the Department of Veterans Affairs; the Department of Veteran Affairs; Robin Jackson, as the Interim Director of CAVHCS; Carolyn Caver-Gordon as the Interim Chief of Mental Health at CAVHCS; co-workers Valarie Clark and Frantina Iverson; and CAVHCS police officer Cedric Thomas.  *See* Doc. # 1.  In addition, Brooks sues the Montgomery Advertiser newspaper and one of its reporters, Kala Kachmar ("Kachmar").  *See* Doc. # 11.

The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.  Now pending before the court is the motion to dismiss (doc. #

29) filed by defendants Kachmar and the Montgomery Advertiser.[1]  The plaintiff has filed responses to the motion to dismiss.  (Docs. # 45, 46, & 52).  After careful review of the motion and the plaintiff's responses, the court concludes that the motion to dismiss (doc. # 29) filed by defendants Kachmar and the Montgomery Advertiser is due to be granted.

## II.  STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.  *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.  *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can

---

[1] Also pending are the federal defendants' motion to dismiss (doc. # 40) and the plaintiff's motions for summary judgment (docs. # 44, 48 and 51) which the court will resolve by separate recommendation.

prove no set of facts" standard).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678.  The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id*. at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).  A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice").  However, the leniency shown to *pro se*

3

litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google, Inc..*, — F. App'x —, —, 2015 WL 5778755, *2 (11th Cir., Oct. 5, 2015) (No. 14-12394).

### III. DISCUSSION

Defendants Kachmar and the Montgomery Advertiser have filed a motion to dismiss (doc. # 29) asserting that the plaintiff has failed to state a claim for relief under FED.R.CIV.P. 12(b)(6). Construing the plaintiff's complaint liberally in light of his *pro se* status, the pertinent facts are that on September 2, 2014, Brooks was placed on administrative leave by CAVHCS as a result of a story written by Kachmar and published by the Montgomery Advertiser newspaper. Brooks was subsequently terminated from his employment as a result of the story.

The plaintiff does not specify the basis upon which he invokes the jurisdiction of the court. The court has original jurisdiction of any claims to "redress the deprivation, under color of State law," *see* 28 U.S.C. § 1343(a)(3), and the plaintiff contends his claims against Kachmar and the Montgomery Advertiser arise under 42 U.S.C. § 1983. However, he fails to adequately establish a factual basis for his claims against these defendants. Brooks' complaint consists of vague allegations that his constitutional rights were somehow violated by the defendants. Although he refers to the First and Fourteenth Amendments, and he lists race, age, and sex discrimination, hostile work environment, retaliation and conspiracy, merely labeling a cause of action does not make it so. The plaintiff has alleged no facts that would support a claim against these defendants under these legal theories.

As a matter of law, Brooks has failed to state a claim upon which relief can be granted

4

under 42 U.S.C. § 1983 for a violation of his civil rights against these defendants. *See Twombly*, 550 U.S. at 570. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, Brooks must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States *and* that the act or omission causing the deprivation was committed by *a person acting under color of state law*. *Id.* (emphasis added). "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981) (emphasis added).

Thus, to state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) *quoting Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). There are no allegations that Kachmar or the Montgomery Advertiser are anything other than a private actor and a private business entity. Thus, any actions by Kachmar or the Montgomery Advertiser, standing alone, do not constitute an action committed by a person acting under color of state law for the purpose of imposing § 1983 liability against them. *Lowe v. Aldridge,* 958 F.2d 1565, 1572 (11th Cir. 1992).

Brooks must do more than simply assert that he is entitled to relief. His complaint must "possess enough heft to 'sho[w] that [he] is entitled to relief." *Twombly*, 550 U.S. at 557. His complaint is wholly insufficient under *Twombly, supra*. The actions about which Brooks complains with respect to these defendants were not committed by a person acting under color of state law. Consequently, the claims against Kachmar and the Montgomery Advertiser should be dismissed.

Liberally construing the plaintiff's complaint, it appears that he may also be attempting to state a claim against Kachmar and the Montgomery Advertiser for conspiracy to deprive him of his constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (holding that an otherwise private person acts "under color of" state law, and may be subject to liability under §1983, when engaged in a conspiracy with state officials to deprive another of federal rights). To the extent that the plaintiff is attempting to allege a conspiracy pursuant to 42 U.S.C. § 1985, this claim fails. Brooks alleges, in very general terms, that the defendants conspired against him, in violation of federal law, to deprive him of his federally protected rights. Section 1985 provides as follows:

> If two or more persons in any State or Territory conspire, . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . ., the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

To be successful on a general § 1985(3) conspiracy claim, "the plaintiff must allege and

6

prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in the furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprives of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 828-829 (1983). Although the plaintiff has alleged that the defendants' actions were based on racial animus, he has alleged absolutely no facts in support of his conspiracy allegations. As evidenced from a review of his complaint, Brooks alleges "no act in furtherance of the conspiracy." The allegations against these defendants in their entirety are as follows.

> On Wednesday, September 3, 2014 the Montgomery [A]dvertiser ran a story on Mr. Danny BROOKS vehicle accident. MS. Kala Kachmar was the write (sic) of the story. MS. Kachmar stated "A central Alabama Veteran Health Care System employee who crashed a government vehicle failed to properly report the accident, fabricated evidence and lied to police is still employed more than a year later, according to documents leaked to the Montgomery Advertiser. On duty Tuskegee employee damages US vehicle while conducting person (sic) business. VA police also found that the employee lied about the reason he was in BARBOUR COUNTY. The veteran that the employee was visiting wasn't homeless, unemployed or part of the employees (sic) (CASELOAD)the report said. The veteran told VA police the employee stoped (sic) by while on his way to see his girlfriend in GEORGIA. And the VA police didn't report this to the paper, two whites did. The two whites (sic) employees didn't report anyone white, wrongful doing, only BLACKS to the paper.
>
> A letter in regards to the ongoing retaliatory and discriminatory actions from the Department of Veterans' against MR. Brooks. Thereby herewith in claim #5, MS. Kala Kachmar, and the Montgomery Advertiser, Defendant, Acted with deliberate indifference, By Violating VA Personnel Policy Practice, Age and Sex Discrimination, in violation of MR. Brooks constitutional rights as well as Reprisal for formal complaint(s) and wrongful removal from employment in a

7

> conspiracy with the other Defendant(S) that have cause the Plaintiff Mr. Brooks emotional distress, pain, and suffering that is causing cruel and unusual punishment to the plaintiff with knowledge thereof. MR. Brooks, Seeking, Damages for, (1) injunction to prevent future discriminatory practices, (2) Reinstatement, (3) an award of back pay and front pay, (4) liquidated damages for the willful violation.

(Doc. # 1 at 6; Doc. # 11 at 6) (capitalization and punctuation in original).

Finally, and perhaps more importantly, regardless of whether his theory of recovery is a § 1983 or § 1985 conspiracy, the plaintiff alleges no facts that any of the parties reached an agreement to violate his constitutional rights. *See Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) ("In order to establish a § 1985(3) conspiracy claim, [the plaintiff] must show an agreement between "two or more persons" to deprive him of his civil rights."); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) *overruled on other grounds by Rehberg v.Paulk*, 611 F.3d 828 (11th Cir. 2010) ("To establish a prima facie case of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants "'reached an understanding' to violate his rights."); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private person and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).

A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy

existed." *Id.,* at 557. The court has carefully reviewed the plaintiff's complaint. Other than his conclusory allegations, he has presented no facts that even remotely establish that these two defendants entered into a conspiracy to violate his constitutional rights. Simply asserting a conspiracy, without more, is simply insufficient to defeat the defendants' motion to dismiss. *See Twombly*, *supra*. Thus, the court concludes that the plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. §§ 1983 or 1985. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557. The plaintiff's conspiracy claims are due to be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss (doc. # 29) filed by defendants Kachmar and the Montgomery Advertiser be GRANTED and the plaintiff's complaints against these defendants be DISMISSED for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **February 25, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted

or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of February, 2016.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE