IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY L. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:15cv383-WKW |
| | ) | (WO) |
| ROBERT MCDONALD, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

**I.  INTRODUCTION**

The *pro se* plaintiff, Danny L. Brooks ("Brooks"), purports to bring discrimination and conspiracy claims against former co-workers and supervisors at the Central Alabama Veterans Health Care System ("CAVHCS"), in Tuskegee, Alabama.  Brooks names as defendants Robert McDonald, in his official capacity as the Secretary of the Department of Veterans Affairs ("VA"); the Department of Veteran Affairs; Robin Jackson, as the Interim Director of CAVHCS; Carolyn Caver-Gordon as the Interim Chief of Mental Health at CAVHCS; co-workers Valarie Clark and Frantina Iverson; and CAVHCS police officer Cedric Thomas ("the federal defendants").[1]  *See* Doc. # 1.

The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grants in the federal statutes.  Now pending before the court are the federal defendants' motion to dismiss (doc. # 40) and the

---

[1]  Brooks also sued the Montgomery Advertiser On February 26, 2016, the court dismissed defendants Kala Kachmar and the Montgomery Advertiser from this litigation.  *See* Doc. # 55.

plaintiff's motions for summary judgment (docs. # 44, 48 and 51).  The plaintiff has filed responses to the motion to dismiss.  (Docs. # 46, 47& 52).  After careful review of the defendants' motion to dismiss, the plaintiff's motions for summary judgment, and the plaintiff's responses to the motion to dismiss, the court concludes that the motion to dismiss (doc. # 40) filed by federal defendants is due to be granted, the plaintiff's motions for summary judgment are due to be denied and this case is due to be dismissed with prejudice.

## II.  STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.  *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the

plaintiff can prove no set of facts" standard).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678.  The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id*. at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).  A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice").  However, the

3

leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google, Inc.*, 628 F. App'x 635, 637 (11th Cir., 2015).

### III. DISCUSSION

The federal defendants have filed a motion to dismiss (doc. # 40) asserting that this court lacks subject matter jurisdiction under FED.R.CIV.P. 12(b). The federal defendants assert that the plaintiff's claims under 42 U.S.C. § 1983 are due to be dismissed because claims against the defendants in their official capacity are barred by sovereign immunity. They also argue that any claims against them in their individual capacities are due to be dismissed because § 1983 does not provide a cause of action against federal employees.[2] Finally, the defendants argue that this court lacks subject matter jurisdiction over Brooks' discriminatory termination claims because he has failed to exhaust his claims as required by Title VII as amended by the Civil Service Reform Act which provides the exclusive remedy for those claims. *See* 5 U.S.C. § 7513(b). The plaintiff's pleadings are not a model of clarity, and thus, it is difficult to describe his claims. Nonetheless, the court will address the merits of the claims it can discern from his amended complaint.

Construing the plaintiff's complaint liberally in light of his *pro se* status, it appears that Brooks is complaining that he was terminated from his employment at the VA based on a fabricated investigation and police report accusing him of misuse of a government vehicle.

---

[2] The defendants also assert that the plaintiff has failed to perfect service on them in their individual capacities. The court pretermits discussion of this issue because the court concludes that the defendants' motion to dismiss is due to be granted on other grounds.

In his amended complaint, Brooks asserts that same claim against each defendant. According to Brooks, each defendant

> Acted with deliberate indifference, By Violating VA Personnel Policy Practice, Age and Sex Discrimination, violation of MR, Brooks constitutional rights as well as Reprisal for formal complaint(s) and wrongful removal from employment/ in a conspiracy with the other Defendant(S) that have cause the Plaintiff Mr. Brooks emotional distress, pain, and suffering that is causing cruel and unusual punishment to the plaintiff with knowledge thereof. MR, Brooks, Seeking, Damages for, (1) injunction to prevent future discriminatory employment practices, (2) Reinstatement, (3) an award of back pay and front pay, (4) liquidated damages for the willful violation.

(Doc. # 11 at 3-5) (capitalization and punctuation in original).

Mr. Brooks seeks one million dollars from the VA, "$100,000 in an EMS Position," twenty-five thousand dollars and reinstatement to his GS-9 position. (*Id*. at 10).

**A.    Sovereign Immunity.**  The law is well-established that the United States, as sovereign, is absolutely immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 589, 586 (1941). Thus, the plaintiff's claims against the Department of Veterans Affairs are barred by the doctrine of sovereign immunity except for the plaintiff's termination claims for which Congress has waived sovereign immunity and granted consent for the United States to be sued. In all other respects, the plaintiff's claims against the Department of Veterans Affairs are barred by the doctrine of sovereign immunity.

**B. Official Capacity Claims against Individual Defendants.**  It is unclear whether Brooks sues the defendants in their official or individual capacities. However, a plaintiff seeking to recover money damages against persons in their official capacities "must look to the government entity itself." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also,*

*Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999); *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1210 n.3 (11th Cir. 1993); *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.")  Thus, the claims against the individual defendants in their official capacities are also due to be dismissed.

      **C.**    **§ 1983 Claims against Defendants in their Individual Capacities**.  Brooks' federal claims against the defendants in their individual capacities are due to be dismissed. The plaintiff has sued these defendants under 42 U.S.C. § 1983.  No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere.  *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987).  To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law.  *Id.*  "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor*, 451 U.S. 527 (1981).  Thus, one element that the plaintiff must establish is that the alleged "action taken by the defendants was under color of state law."  *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.

1987).  An essential element of a 42 U.S.C. § 1983 claim is that the alleged constitutional or federal deprivation was committed by a person acting under color of state law.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999).  To establish a defendant's liability under § 1983, Brooks must present some facts that these defendants were state actors.  This he has failed to do.  In fact, Brooks asserts that the defendants were all employees of the VA.  Because the VA is a federal agency, and the defendants are "federal officials acting under color of federal law," the actions about which Brooks complains were not committed by persons acting under color of state law.   Brooks' claims against the federal defendants in their individual capacities under Section 1983 are due to be dismissed.

> **D.**    **Exhaustion Requirement for Discrimination Claims pursuant to Title VII and Civil Service Reform Act Claims.**[3]  The federal defendants next argue that this court lacks subject matter jurisdiction over the plaintiff's discriminatory termination claims because Title VII, as amended by the Civil Service Reform Act ("CSRA"), provides exclusive jurisdiction over this matter.  *See* 42 U.S.C. § 2000e-16(c).

"The Civil Service Reform Act of 1978 (SCRA), 5 U.S.C. § 1101 *et seq*., establishes a framework for evaluating personnel actions taken against federal employees."  *Kloeckner v. Solis*, — U.S. —, —, 133 S.Ct. 596, 600 (2012).

> We have recognized that the CSRA "comprehensively overhauled the civil service system," creating an elaborate "new framework for evaluating adverse personnel actions against [federal employees]."  It prescribes in great detail the

---

[3]  The comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related *Bivens* actions by federal employees.  *McCollum v. Bolger,* 794 F.2d 602, 607 (11th Cir.1986); *Wells v. F.A.A.,* 755 F.2d 804, 810 (11th Cir.1985).

> protections and remedies applicable to such action, including the availability
> of administrative and judicial review.

*United States v. Fausto*, 484 U.S. 439, 443 (1988) (internal citations omitted).  *See also Elgin*

*v. Dep't of Treasury*, — U.S. —, —, 132 S.Ct. 2126, 2135 (2012).

With respect to Brooks' discrimination claims, Congress has provided a limited

waiver of sovereign immunity.  The Civil Rights Act of 1964, as amended by the Civil

Service Reform Act, "provides the exclusive judicial remedy for claims of discrimination in

federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also* 42

U.S.C. § 2000e-16(c).  While Brooks has a right to pursue litigation in this court, there are

certain prerequisites that he must meet before filing suit.  *See Brown*, 425 U.S. at 832.  He

must have filed a charge with the EEOC or sought review of his termination at the Merit

Systems Protection Board.  However, nowhere in his amended complaint has Brooks pled

or otherwise pointed to a receipt of notice of a final adverse employment action by the VA,

or to an Equal Employment Opportunity Commission notice as required by Section

2000e-16(c).[4]  Thus, Brooks has failed to comply with the administrative prerequisites of the

---

[4] Section 2000e(16(c) provides as follows.

> Within 90 days of receipt of notice of final action taken by a department,
> agency, or unit referred to in subsection 91) of this action, or by the Equal
> Employment Opportunity Commission upon appeal from a decision or
> order of such department, agency, or unit on a complaint of discrimination
> based on race, color, religion, sex of national origin, brought pursuant to
> subsection (a) of this section, Executive Order 11478 or any succeeding
> Executive orders, or after one hundred and eighty days from the filing of the
> initial charge with the department, agency, or unit or the with the Equal
> Employment Opportunity Commission on appeal from a decision or order
> of such department, agency, or unit until such time as final action may be

(continued...)

CSRA prior to filing an employment discrimination claim in this court.  The court concludes

that these claims are due to be dismissed.

To the extent that Brooks is challenging his termination on any other basis, he must

proceed under the CSRA, and this court does not have jurisdiction to entertain his

termination claims.  *See Elgin*, 132 S.Ct. at 2136 (holding that CSRA is exclusive remedy

for federal employees to challenge termination actions).  *See also Smith*, 495 F. App'x 10,

11-12 (11th Cir. 2012) (same); *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006)

("Generally, a federal employee seeking review of certain adverse employment actions, or

those employment actions in conjunction with his discrimination claims, must proceed under

the rules and regulations enacted pursuant to the CSRA.")

To the extent that the plaintiff is alleging a conspiracy precipitated his termination,

his conspiracy claim is also preempted by the CSRA.  *See Hendrix v. Snow*, 170 F.App'x 68,

81 (11th Cir. 2006) (conspiracy claim pursuant to 42 U.S.C. § 1985 "challenging [his]

employer's personnel decisions was preempted by the CSRA.").

On October 8, 2015, the court directed the plaintiff to show cause why the federal

defendants' motion to dismiss should not be granted.  *See* Doc. # 42.  In response, the

---

[4](...continued)
> taken by a department, agency, or unit, an employee or applicant for
> employment, if aggrieved by the final disposition of his complaint, or by
> failure to take final action on his complaint, may file a civil action as
> provided in section 2000e-5 of this title, in which civil action the head of
> the department, agency, or unit, as appropriate, shall be the defendant.

(*Id.*)

plaintiff reiterates his claims against the defendants, but he does not dispute the government's contention that he has failed to exhaust his administrative remedies.  He does not allege that he filed an administrative claim with the appropriate authorities or sought review of his termination through the Merit Systems Protection Board.  Brooks has not sufficiently established that he has satisfied the jurisdictional prerequisites for this court to exercise jurisdiction over his claims. Thus, the court concludes that any discriminatory termination and/or conspiracy claims are due to be dismissed because the court lacks jurisdiction over them.

   **E. Plaintiff's Motions for Summary Judgment**.  In response to the defendants' motion to dismiss, the plaintiff filed three motions for summary judgment.  *See* Docs. # 44, 48 & 51.  Because the court concludes that the defendants' motion to dismiss is due to be granted, the plaintiff's motions for summary judgment (docs. # 44, 47 & 51) are due to be DENIED.

## IV.  CONCLUSION

   Although Brooks delineates race, age, and sex discrimination, reprisal, retaliation and conspiracy as the basis of his claims, merely labeling a cause of action does not make it so. Brooks must do more than simply assert that he is entitled to relief.  His complaint must "possess enough heft to 'sho[w] that [he] is entitled to relief." *Twombly*, 550 U.S. at 557. This he has failed to do.

   For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss (doc. # 40) filed by the federal defendants be GRANTED and the

claims against these defendants be DISMISSED for lack of subject matter jurisdiction.  It is further  the RECOMMENDATION of the Magistrate Judge that the plaintiff's motions for summary judgment (docs. # 44, 48 & 51) be DENIED.  Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **June 8, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of May, 2016.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE